UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNEST PARFAIT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1568** |
| **CROSBY DREDGING, LLC** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Defendant Crosby Dredging, LLC's Rule 12(b)(6) Motion to Dismiss Count III, 12(e) Motion for a More Definite Statement, and Rule 12(f) Motion to Strike (Doc. 8). For the following reasons, this Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case arises out of a maritime incident. Plaintiff Ernest Parfait alleges that on February 7, 2021, while he was employed as a deckhand on the M/V ALLISON CROSBY, a vessel owned and operated by his employer Defendant Crosby Dredging, LLC, he slipped while walking up a flight of stairs and fell to the deck. Plaintiff alleges severe injuries to his neck, back, legs, shoulder, and head as a result of his fall. Plaintiff filed suit in this Court against Defendant, bringing claims for Jones Act negligence, unseaworthiness, and maintenance and cure.

1

Now before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss Count III, 12(e) Motion for a More Definite Statement, and Rule 12(f) Motion to Strike. Defendant asks this Court to dismiss Plaintiff's claim for maintenance and cure, order Plaintiff to provide a more definite statement of his claims, and strike Plaintiff's requests for punitive damages and attorney's fees. After Defendant's filed the instant Motion, Plaintiff filed an Amended Complaint that made no reference to maintenance and cure, punitive damages, or attorney's fees. Plaintiff also filed an opposition to the request for a more definite statement. Normally, an amended complaint moots a pending motion directed at an earlier version of the same complaint.[1] Here, however, the factual allegations in Plaintiff's Original Complaint and his Amended Complaint are identical. Therefore, the request for a more definite statement is not moot and is the only issue before the Court.

## LEGAL STANDARD

A district court will grant a motion for a more definite statement under Rule 12(e) when the challenged pleading "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response."[2] The moving party "must point out the defects complained of and the details desired."[3]

---

[1] *See, e.g.*, Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't, No. 16-12910, 2016 WL 4429953, at *2 (E.D. La. Aug. 22, 2016) ("[M]any district courts—including this Court—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint.").
[2] FED. R. CIV. P. 12(e).
[3] *Id.*

"When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8."[4] Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[6] In light of the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored.[7] Motions for a more definite statement are generally granted only when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[8] This Court "has considerable discretion in deciding whether to grant a Rule 12(e) motion."[9]

## LAW AND ANALYSIS

Defendant argues that Plaintiff fails to specify crucial information like "the cause of his alleged slip and fall and/or his injury."[10] This Court agrees. The entirety of Plaintiff's description of how Defendant injured him is that "he

---

[4] Babcock & Wilcox Co. v. McGriff, Siebels & Williams, Inc., 235 F.R.D. 632, 633 (E.D. La. 2006).
[5] FED. R. CIV. P. 8(a)(2).
[6] Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).
[7] JNP Enters., LLC v. Patterson Structural Moving & Shoring, LLC, No. 13-4684, 2014 WL 31650, at *1–2 (E.D. La. Jan. 3, 2014) (first citing Mitchell v. E–Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959); and then citing Who Dat Yat Chat, LLC v. Who Dat, Inc., No. 10–1333, 2012 WL 2087439, at *6 (E.D. La. June 8, 2012)).
[8] Phillips v. ABB Combustion Eng'g, Inc., No. 13–594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013).
[9] Murungi v. Tex. Guaranteed, 646 F. Supp. 2d 804, 811 (E.D. La. 2009).
[10] Doc. 8-1 at 7.

3

Case 2:22-cv-01568-JTM-KWR   Document 11   Filed 07/28/22   Page 4 of 5

slipped while walking up a flight of stairs on the vessel in rough seas and fell to the deck."[11] This allegation does not allow Defendant to respond to Plaintiff's claims of negligence and unseaworthiness because it identifies no instance of negligence and no unseaworthy condition. Plaintiff lists a number of Defendant's alleged negligent failings and unseaworthy conditions, but it is not clear whether any of them are applicable given the paucity of factual allegations. For example, one of the charges of negligence is "failing to monitor the condition of the deck and stairs of the vessel to identify and minimize the risk of harm to Plaintiff and other crew members."[12] But Plaintiff does not identify a condition on the stairs, only that he slipped on them.

Accordingly, as written, Plaintiff's Amended Complaint does not give Defendant adequate notice of the incident that allegedly caused his injuries. As stated in *Bitte v. United Cos. Lending Corp.*, the plaintiff should "briefly explain [the] who, what, when, where, why, and how" of the defendant's alleged wrongdoing and its connection to the plaintiff's injuries.[13] Here, Plaintiff should focus on the why and how in particular. All other information Defendant seeks Plaintiff to plead is not required under the standard set forth in Federal Rule of Civil Procedure 8.

---

[11] Doc. 1, ¶ 4.3; Doc. 10, ¶ 4.3.
[12] Doc. 1, ¶ 4.3(f); Doc. 10, ¶ 4.3(f).
[13] *See* Verret v. North Star Marine, LLC, No. 09–3442, 2009 WL 3614502, at *2 (E.D. La., Oct. 28, 2009) (citing Bitte v. United Cos. Lending Corp., No. 06–5648, 2006 WL 3692754, at *1 (E.D. La. Dec. 11, 2006)).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion (Doc. 8) is **GRANTED IN PART AND DENIED IN PART**. To the extent Defendant's Motion seeks to dismiss and strike claims under Rules 12(b)(6) and 12(f), respectively, it is **DENIED AS MOOT**. To the extent Defendant's Motion seeks to clarify the underlying instances of negligence and unseaworthiness and their connection to Plaintiff's injuries, it is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff file a Second Amended Complaint remedying the deficiencies identified herein on or before August 18, 2022.

New Orleans, Louisiana this 28th day of July, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**